# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. DONELL, Permanent Receiver for Learn Waterhouse, Inc., and its subsidiaries and affiliates,<br><br>        Plaintiff,<br><br>   vs.<br><br>CASEY GRIFFIS,<br><br>        Defendant. | CASE NO. 10-CV-2578 JLS (JMA)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING** |

Presently before the Court is Plaintiff's application for default judgment as to Defendant Casey Griffis. (Motion, ECF No. 7.) Plaintiff filed this action on December 15, 2010, asserting three claims under California's Uniform Fraudulent Transfer Act (UFTA), Cal. Civ. Code § 3429 *et seq.*, along with a common law claim for unjust enrichment. (Compl., ECF No. 1.)

As an initial matter, similar cases filed by Plaintiff Donell against other defendants in this District cause the Court to examine whether it has personal jurisdiction over Defendant Griffis. *See, e.g.*, *Donell v. Keppers*, No. 10-CV-2613 (S.D. Cal., filed Dec. 20, 2010) (Gonzalez, J.); *Donnell v. Kozlowski*, No. 11-CV-1199 (S.D. Cal., filed June 1, 2011) (Sammartino, J.) "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq* (*In re Tuli*), 172 F.3d 707, 712 (9th Cir. 1999). Although the

Court may dismiss an action *sua sponte* for lack of personal jurisdiction, where there are questions about personal jurisdiction the Court should allow the plaintiff an opportunity to establish that jurisdiction is proper. *See id.* at 712–13.

Pursuant to Federal Rule of Civil Procedure 4(k)(1)(D) and 28 U.S.C. § 1692, a court may have personal jurisdiction over a defendant in a receivership action so long as the court-appointed receiver complies with the filing requirements of 28 U.S.C. § 754. Section 754 sets forth the following filing requirements:

> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

In this case, Plaintiff alleges that Defendant Griffis resides in MacClenny, Florida. (Compl. ¶ 15.) Neither the complaint nor the motion for default judgment indicates whether copies of the complaint and order of appointment were filed in the Middle District of Florida. However, the Court finds that the requirements of § 754 have been met in *SEC v. Learn Waterhouse, Inc.*, 04-mc-0037 (M.D. Fla., filed Oct. 18, 2004)[1]. On October 18, 2004, six days after Lennon was appointed as receiver[2], Lennon filed both a copy of the complaint and the order appointing him in the Middle District of Florida. *See SEC v. Learn Waterhouse, Inc.*, 04-mc-0037 (M.D. Fla. [Doc. Nos. 1, 2]).

However, the UFTA creates a backstop of seven years within which a cause of action for a fraudulent transfer must be filed. Cal. Civ. Code § 3439.09(c). Here, exhibits supplied in support of Plaintiff's motion indicate the transfers at issue occurred between January 31, 2003, and January 1, 2004. (Schaefer Decl. ISO Motion Ex. 5, ECF No. 7-4.)

//

---

[1] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the docket in *SEC v. Learn Waterhouse, Inc.*, 04-mc-0037 (M.D. Fla., filed Oct. 18, 2004) because it is a "matter of public record." *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

[2] The Court initially appointed Thomas F. Lennon as receiver, who was later succeeded by Plaintiff Stephen Donell. *See SEC v. Learn Waterhouse, Inc.*, No. 04cv2037 (S.D.Cal., Order filed Oct. 12, 2004, ECF No. 9); *id.* (Order filed Nov. 4, 2009, ECF No. 566).

Because approximately seven years passed between the fraudulent transfers and the filling of Plaintiff's complaint on December, the statue of limitations is implicated.

Thus, the Court **ORDERS** Plaintiff to provide supplemental briefing explaining why each claim should not be dismissed, in whole or in part, as barred by the relevant statute of limitations as to some or all of the transfers.[3] Plaintiff **SHALL FILE** this supplemental brief within **FOURTEEN DAYS**.

**IT IS SO ORDERED**.

DATED: December 15, 2011

Honorable Janis L. Sammartino
United States District Judge

---

[3] *See Donell v. Keppers*, No.10-CV-2613, 2011 U.S. Dist. LEXIS 140564, at *3 (S.D. Cal. Dec. 6, 2011) (describing previous order to show cause for this reason, and denying Plaintiff's motion for default judgment as barred by the statute of limitations).